IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN SOUZA, in his capacity as custodian of ELEVATE, INC., <br><br> Movant, <br> v. <br> W. WRIGHT THURSTON, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:18-mc-00023-DB-BCW <br><br> District Judge Dee Benson <br><br> Magistrate Judge Brooke Wells |

Pursuant to 28 U.S.C. § 636(b)(1)(A) District Judge Dee Benson referred this case for consideration.[1] This case was involves a case in the District Court of Nevada, Case No. 2:17-cv-01924.

It appears John Souza (Souza), in his capacity as custodian of Elevate, Inc., obtained a subpoena in the Nevada action for W. Wright Thurston (Wright), seeking corporate and banking records relating to Elevate, Inc. in the fall of 2017.[2] According to the subpoena, Wright resides in Midway, Utah.[3] The subpoena required production of said documents in "Atlanta, Georgia" by "November 9, 2017."[4] Souza served the subpoena via certified mail to a P.O. Box.[5] Pending before the court is Souza's *Motion for Order to Show Cause and to Compel Compliance with*

---

[1] ECF No. 5.

[2] ECF No. 2-1.

[3] *Id.*

[4] *Id.*

[5] ECF No. 2-2.

*Subpoena*.[6] Wright has moved to quash the subpoena.[7] The court finds Wright's arguments persuasive and thus DENIES Souza's motion.

**ANALYSIS**

Rule 45(c)(2) of the Federal Rules of Civil Procedure provides:

> A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed or regularly transacts business in person[.]

Midway, Utah, where Wright resides, is more than 100 miles away from Atlanta, Georgia, where the subpoena commands production of the documents. In addition, it appears the first service attempt was a P.O. Box address even though Souzas' counsel has a residential address for Wright.[8] Notably, there does not appear to be binding precedent in the Tenth Circuit favoring either hand-to-hand personal service or alternative means of service.[9] But this court has viewed service by certified mail as a means of alternative service usually granted via motion after some attempts by personal service have proven unsuccessful.[10] Here, the first attempt at service was through certified mail at a P.O. Box, even though counsel had a residential address.[11] Under these circumstances, alternative

---

[6] *See* ECF. No. 2.

[7] ECF No. 13.

[8] The Certificate of Service for ECF No. 2 has two addresses, the P.O. Box address and a residential address for Wright.

[9] *See E.A. Renfroe & Co. Inc. v. Moran,* No. 08-cv-732-RPM-KMT, 2008 WL 1815535, at *3 (D. Co. 2008).

[10] *See Vision Sec., LLC v. Xcentric Ventures, LLC*, 2:13-cv-926, 2016 WL 2766635 (D. Utah 2016).

[11] Souza's counsel argues there is a hand-written note that says "REFUSED" on the Certified Mail Receipt and this is proof Wright tried to evade service. Wright submitted a Declaration

service would not be warranted. Moreover, the 100 mile geographic limit set forth in Rule 45(c)(2) for production of documents is clearly exceeded here, thus the motion to compel is DENIED.[12]

DATED this 4 September 2018.

_____
Brooke C. Wells
United States Magistrate Judge

---

with his papers wherein he adamantly claims he never received the subpoena. Wright claims he first learned of this matter when he received the Motion for Order to Show Cause, which was served at his residence. There is obviously a factual dispute between the parties, but the court did not address it in order to reach its decision.

[12] Wright submitted a Declaration with his papers, however, it cites the state statue instead of 28 U.S.C. §1746 and is not signed by him; therefore since it is unsworn its contents could not be considered by the court in its analysis.